UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHIRLEY HAMPTON,<br><br>   Plaintiff(s),<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>   Defendant(s). | Case No.: 2:20-cv-00456-KJD-NJK<br><br>**ORDER** |

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 2. Plaintiff also submitted a complaint. Docket No. 2-1.

**I.   *In Forma Pauperis* Application**

Plaintiff filed the affidavit required by § 1915(a). Docket No. 2. Although a close question in this case, Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.   Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's complaint asserts claims arising out of her employment. Liberally construed, the complaint includes a claim for retaliation for protected activity. *See* Docket No. 2-1 at 6. To sufficiently allege a *prima facie* case of retaliation in violation of Title VII to survive a § 1915 screening, Plaintiff must allege: (1) that he or she committed a protected act, such as complaining about discriminatory practices; (2) that the employee suffered some sort of adverse employment action; and (3) a causal connection between the employee's action and the adverse act. *See Jenkins v. Lab. Corp. Of Am.*, 2013 U.S. Dist. Lexis 118008, *5 (D. Nev. Aug. 20, 2013) (citing *Davis v.*

*Team Elec Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008)).  Plaintiff alleges that her employment was terminated because she complained of discrimination.  Docket No. 2-1 at 6.  Construing Plaintiff's complaint liberally and considering that this case is only at the screening stage, these allegations are sufficient.[1]

**III.   Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. The Clerk of the Court shall issue summons to Defendants, and deliver the same to the U.S. Marshal for service.  The Clerk of the Court shall also deliver a copy of the complaint to the U.S. Marshal for service.

4. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.[2]  Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be

---

[1] The Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).  Nothing in this order should be construed as precluding the filing of a motion to dismiss.

A complaint is subject to dismissal at the screening stage if it fails to state "*a claim* on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).  Hence, it suffices to survive screening that Plaintiff has stated a retaliation claim.  *See, e.g.*, *Bem v. Clark Cty. Sch. Dist.*, 2015 WL 300373, at *3 n.1 (D. Nev. Jan. 21, 2015).  It appears that Plaintiff is also attempting to bring other employment-related claims through the complaint.  The Court express no opinion as to the sufficiency of the pleading as to such claims.

[2] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

5. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

6. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: March 5, 2020

_____
Nancy J. Koppe
United States Magistrate Judge