UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHIRLEY HAMPTON,<br><br>  Plaintiff(s),<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>  Defendant(s). | Case No.: 2:20-cv-00456-KJD-NJK<br><br>**ORDER**<br><br>[Docket No. 2-3] |

Pending before the Court is Plaintiff's motion to appoint counsel. Docket No. 2-3.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

Plaintiff's motion does not make a showing as to either her likelihood of success or her inability to proceed without an attorney. Instead, the motion simply states that Plaintiff has been unable to retain an attorney. Such a showing is insufficient to establish exceptional circumstances.

Accordingly, the motion for appointment of counsel is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: March 5, 2020

Nancy J. Koppe
United States Magistrate Judge